```
 1  SULLIVAN LAW
    A Professional Corporation
 2  J. D. Sullivan, CA Bar No. 98057
    Gene M. Kaufmann, CA Bar No. 181355
 3  1625 Highway 88, Suite 401
    Minden, Nevada 89423
 4
    Telephone:   (775) 782-6915
 5  Telecopier:  (775) 782-3439

 6  Attorneys for Plaintiff,
    MARY CAPURRO
 7
    PORTER | SCOTT
 8  A PROFESSIONAL CORPORATION
    David A Melton, SBN 176340
 9  Colleen R. Howard, SBN 257661
    350 University Ave., Suite 200
10  Sacramento, CA 95825

11  Telephone: (916) 929-1481
    Telecopier: (916) 927-3706
12
    Attorneys for Defendant,
13  WAL-MART STORES, Inc.

14
                       UNITED STATES DISTRICT COURT
15
                       EASTERN DISTRICT OF CALIFORNIA
16

17

18
    MARY CAPURRO, a Nevada          Case No.: 2:11-cv-02785-JAM-GGH
19  citizen,
                                    STIPULATION AND ORDER TO
20               Plaintiff,         TRANSFER VENUE TO THE DISTRICT
                                    OF NEVADA
21       vs.

22  WAL-MART STORES, INC., a
    Delaware corporation, dba
23  Walmart, and DOES 1 through
    50, inclusive,
24
                 Defendants.
25  _____/

26      COMES NOW Plaintiff, MARY CAPURRO, by and through her

27  counsel of record, Sullivan Law, and Defendant, WAL-MART STORES,

28  INC., by and through its counsel of record, Porter | Scott, and
```

1

1 hereby stipulate to transfer venue in this case to the District
2 of Nevada.
3     Under 28 U.S.C. § 1404(a), this Court has authority to
4 transfer any civil action "[f]or the convenience of the parties
5 and witnesses, in the interest of justice ... to any other
6 district or division where it might have been brought." 28 U.S.C.
7 §1404(a).
8     Under 28 U.S.C. §1391(a), in an action, such as the within
9 action, where jurisdiction is based solely on diversity of
10 citizenship, venue is proper in any judicial district that
11 satisfies the following criteria:
12     (1) a judicial district where any defendant resides, if all defendants reside in the same state.
13     (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim
14     occurred, or a substantial part of property that is the subject of the action is situated, or
15     (3)  a judicial district in which any defendant is subject to personal jurisdiction at the time the action
16     is commenced, if there is no district in which the action may otherwise be brought."
17
18     The incident that is the subject of this suit took place in
19 Susanville California.  But the majority of the medical treatment
20 which Plaintiff contends resulted from the accident was rendered
21 in Reno, Nevada.  Thus a "substantial part of the events . ..
22 giving rise to the claim occurred" in Nevada such that the case
23 might have been brought there.  Moreover, a majority of the
24 witnesses to the incident are located in Susanville, California,
25 which is geographically much closer to Reno, Nevada than to
26 Sacramento, California.
27     The parties agree and hereby stipulate that "the convenience
28 of the parties and witnesses" this case should be transferred to

```
 1  the District of Nevada.
 2
 3  Dated:  March 21, 2012          SULLIVAN LAW
                                    A Professional Corporation
 4
 5
                               By:  /s/ Gene M. Kaufmann
 6
                                    Attorneys for Plaintiff,
 7                                  MARY CAPURRO
 8
 9
10  Dated:  March 21, 2012          PORTER | SCOTT
                                    A Professional Corporation
11
12                             By:  /s/ Colleen R. Howard
13                                  Attorneys for Defendant,
                                    WAL-MART STORES, INC.
14
15
16                                  **ORDER**
17
18                                  IT IS SO ORDERED.
19
20                                  /s/ John A. Mendez
                                    U. S. DISTRICT COURT JUDGE
21
22
23
                                    DATED: 3/29/2012
24
25
26
27
28
```